| AO 91 (Rev. 11/11) Criminal Complaint | Agent: | AUSA: Susan Fairchild<br>Brett Laug | Telephone: (313) 226-9577<br>Telephone: (313) 421-7856 |
|---|---|---|---|

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Oscar Armando CASTILLO MATAMOROS

Case No.

Case: 2:25-mj-30122
Assigned To : Unassigned
Assign. Date : 3/7/2025
Description: CMP USA v. Castillo-Matamoros (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 6, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal |

This criminal complaint is based on these facts:

On or about March 6, 2025, in the Eastern District of Michigan, Southern Division, Oscar Armando CASTILLO MATAMOROS, an alien from Honduras, was found in the United States after having been denied admission, excluded, deported, and removed there from on or about April 15, 2020, and not having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☐ Continued on the attached sheet.

_Complainant's signature_

Brett Laug , Border Patrol Agent
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __March 7, 2025__

_Judge's signature_

City and state: __Detroit, MI__

Hon. Anthony P. Patti, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Brett A. Laug, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Oscar Armando CASTILLO-MATAMOROS. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for Oscar Armando CASTILLO-MATAMOROS, for a violation of 8 U.S.C. §1326, Unlawful Re-Entry Following Removal. I have not included every fact known to law enforcement related to this investigation.

2. On March 6, 2025, Border Patrol Agents assigned to the Central Region Anti-Smuggling Unit conducted a targeted enforcement action at XX40 Larkin Street in Detroit, Michigan, in support of Operation Tempest Edge. Through investigative efforts, agents had identified this address as the residence of Oscar Armando CASTILLO-MATAMOROS, a known illegal alien who has been previously removed from the United States on multiple occasions. Based on surveillance, photographs from previous arrests, and known biographical data (height and weight) obtained during the investigation, agents were able to positively identify CASTILLO-MATAMOROS, as he was attempting to enter a parked vehicle directly in front of the known address.

3. Agents approached the CASTILLO-MATAMOROS, identified themselves as Border Patrol Agents, and performed an immigration inspection. CASTILLO-MATAMOROS was interviewed in the Spanish language by a Border Patrol Agent. CASTILLO-MATAMOROS readily admitted to being Oscar Armando CASTILLO-MATAMOROS, a citizen of Honduras. Agents inquired whether CASTILLO-MATAMOROS possessed documents allowing him to be or remain in the United States legally. CASTILLO-MATAMOROS admitted that he is a citizen of Honduras and that he did not have any documents permitting him to be or remain in the United States legally.

4. Upon determining that CASTILLO-MATAMOROS had illegally re-entered the United States, agents placed CASTILLO-MATAMOROS under arrest and transported him to the Gibraltar Border Patrol Station for processing.

5. While at the Gibraltar Border Patrol Station, CASTILLO-MATAMOROS' fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Next Generation Identification (NGI). The results revealed that CASTILLO-MATAMOROS is a citizen of Honduras, with no record of legally re-entering the United States.

6. On June 27, 2000, CASTILLO-MATAMOROS was arrested in Laredo, Texas by Border Patrol Agents and processed for Warrant of Arrest/Notice to Appear. On August 24, 2000, CASTILLO-MATAMOROS received a final order of removal by an Immigration Judge and was subsequently removed through Houston, Texas on September 21, 2000.

7. On November 11, 2002, CASTILLO MATAMOROS was arrested in a greyhound bus at the Sarita, Texas Border Patrol Checkpoint under the alias name of LOPEZ JIMENEZ, Isaias (DOB: 08/XX/1984). CASTILLO MATAMOROS requested and was granted a voluntary return to Mexico.

8. On October 02, 2011, CASTILLO-MATAMOROS was arrested by the New Orleans, Louisiana Sheriff's Office for traffic violations: Traffic Lanes, Following too Close, Driver's License and Reckless Operation. No disposition given.

9. On May 30, 2013, CASTILLO-MATAMOROS was arrested in Rio Grande City, Texas by Border Patrol Agents and processed for Reinstatement of Deport Order I-871. On June 19, 2013, CASTILLO-MATAMOROS was removed through Harlingen, Texas.

10. On May 20, 2014, CASTILLO-MATAMOROS was arrested in Falfurrias, Texas by Border Patrol Agents and processed for Reinstatement of Deport Order I-871. On June 26, 2014, CASTILLO-MATAMOROS was removed through Phoenix, Arizona.

11. On February 27, 2017, CASTILLO-MATAMOROS was arrested in Weslaco, Texas by Border Patrol Agents and processed for Reinstatement of

Deport Order I-871. On March 03, 2017, CASTILLO-MATAMOROS was removed through Valley International Airport, Texas.

12. On November 16, 2017, CASTILLO-MATAMOROS was arrested in Hidalgo, Texas by Border Patrol Agents and processed for Reinstatement of Deport Order I-871. On November 23, 2017, CASTILLO-MATAMOROS was removed through Valley International Airport, Texas.

13. On August 14, 2018, CASTILLO-MATAMOROS was arrested in Hidalgo, Texas by Border Patrol Agents after entering as a family group claiming credible fear. CASTILLO-MATAMOROS' credible fear claim was denied and he was subsequently processed for Reinstatement of Deport Order I-871. On September 05, 2019, CASTILLO-MATAMOROS was removed through Alexandria, Louisiana.

14. On March 10, 2020, CASTILLO-MATAMOROS was arrested in Columbus, New Mexico by Border Patrol Agents and processed for Reinstatement of Deport Order I-871. On April 15, 2020, CASTILLO-MATAMOROS was removed through El Paso, Texas.

15. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

16. Review of the Alien File (A# XXX XXX 156) for Oscar Armando CASTILLO-MATAMOROS and queries in U.S. Department of Homeland Security databases confirm no record exists of CASTILLO-MATAMOROS obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States after his removal from the United States on April 15, 2020.

17. Based on the above information, I believe there is probable cause to conclude that Oscar Armando CASTILLO-MATAMOROS is a native and citizen of Honduras, who was previously removed from the United States and was thereafter found in the United States, without the express permission from the

Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326.

_____
Brett A. Laug, Border Patrol Agent
U.S. Department of Homeland Security

Subscribed and sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge

March 7, 2025